IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKIA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-351-M |
| | § | |
| RICK SORRELLS and DALLAS | § | |
| COUNTY SCHOOLS, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Nakia Williams has filed a Motion to Vacate Agreed Order of Dismissal
with Prejudice or Alternatively Dismiss Without Prejudice, *see* Dkt. No. 15, which
United States District Judge Barbara M.G. Lynn has referred to the undersigned
United States magistrate judge for recommendation, *see* Dkt. No. 16. Defendants Rick
Sorrells and Dallas County Schools have filed a response. *See* Dkt. No. 17. Plaintiff has
not filed a reply, and his time to do so has passed. *See* N.D. Tᴇx. L. Cɪᴠ. R. 7.1(f).

For the reasons explained below, the Court should deny Plaintiff's Motion to
Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without
Prejudice [Dkt. No. 15].

**Background**

Plaintiff filed this action in state court in Dallas, Texas against Defendant Rick
Sorrells, who then removed the case to this Court. *See* Dkt. No. 1.

After removal, Plaintiff filed an amended complaint that for the first time named

Defendant Dallas County Schools as a defendant along with Sorrells and alleged claims for sex discrimination, harassment, and hostile environment under Texas Labor Code § 21.125 and Title VII of the Civil Rights Act of 1964 and for retaliation under the Texas Labor Code. *See* Dkt. No. 9.

Then, on August 31, 2015, Plaintiff and Defendants filed a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), providing that "Plaintiff herein, does hereby stipulate that he is dismissing, and does hereby dismiss, with prejudice all claims he has asserted herein, or could have asserted herein, against Defendants RICK SORRELLS, in his individual and official capacities and DALLAS COUNTY SCHOOLS, and that all costs of court, expenses of any nature and attorney's fees shall be paid by the party incurring same." Dkt. No. 12 at 1. In the Stipulation of Dismissal, Plaintiff further "requests that the Court sign the Agreed Order of Dismissal with Prejudice which is being forwarded to it contemporaneously with this Stipulation." *Id.*

Two days later, on September 2, 2015, the parties filed a response to the Court's order to show cause for their failure to comply with the Court's scheduling order [Dkt. No. 11] and therein explained that, "[p]rior to August 3, 2015, the parties agreed to settle the above-styled cause"; that, "[h]owever, they inadvertently failed to file a Joint Status Report with the Court advising it of same"; and that, "[i]n any event, on or about August 31, 2015, the Plaintiff's attorney filed his client's Stipulation of Dismissal [Doc 12] of all the claims the Plaintiff has asserted or could assert in the above-styled cause against the Defendants with each party to pay all costs and attorney's fees

incurred by them." Dkt. No. 13 at 1. The parties noted that, "[m]oreover, the Court indicated on the same day, i.e. August 31, 2015, that this case was terminated per said Stipulation of Dismissal," and the parties' response further explained that "[c]ounsel apologize for their failure to comply with the Court's Order, however, they ask that no further action be taken by the Court as a result of same in light of the fact that they have settled and compromised this disputed matter and the Stipulation of Dismissal has been filed with the Court disposing of this case." *Id.* at 1-2.

That same day, the Court entered the parties' Agreed Order of Dismissal with Prejudice, providing:

> Plaintiff NAKIA WILLIAMS and Defendants RICK SORRELLS AND DALLAS COUNTY SCHOOLS, having announced to the Court that they have settled and compromised all matters in controversy between them and that the Plaintiff wishes to dismiss his claims against the Defendants with prejudice, with all costs of court, expenses of any nature, and attorney's fees to be taxed against the party incurring same,
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:
> 1.  That all claims asserted herein, or that could have been asserted herein, by Plaintiff NAKIA WILLIAMS against Defendants RICK SORRELLS in his individual and official capacities and DALLAS COUNTY SCHOOLS, as well as members of its Board of Trustees, employees, agents, representatives, insurers, attorneys, be and they are hereby, dismissed with prejudice to the Plaintiff's right to refile same;
> 2.  That all costs of court, attorney's fees and any other costs or expenses of any nature be taxed against and paid by the party incurring same; and
> 3.  That all relief requested in this lawsuit that is not expressly granted in this order is DENIED. This order disposes of all parties and all claims and is final for all purposes.

Dkt. No. 14 at 1.

Twenty-seven days later, on September 29, 2015, Plaintiff filed his Motion to

Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without Prejudice, in which he invokes Federal Rule of Civil Procedure 59(e) and explains – unaccompanied by any evidence or supporting affidavit or declaration – that he "believes that he has received additional information regarding his claims and has, at this point, changed his mind regarding the settlement" and that he "has not, at this point, executed final settlement documents and is free to change his position notwithstanding the Agreed Order of Dismissal." Dkt. No. 15 at 4-5.

In his motion, Plaintiff explains that, "Plaintiff amended its original pleading on July 24, 2015 in light of the acts alleged in the June 26, 2015 charge of discrimination [Docket No. 9]"; that, "as Plaintiff was moving forward on amending its original pleading, he was also in negotiations with the Defendant, through respective counsel, to settle this dispute"; that, "[o]n July 29, 2015, Plaintiff authorized his counsel to accept an offer of settlement from Defendant's counsel"; that "Defendant's counsel set about drafting the settlement documents for the parties' review and execution"; that, "[o]n August [27], 2015, the Court submitted its Show-Cause Order for the parties to submit a status of the proceeding"; that, "[o]n August 27, 2015, Plaintiff's counsel received hard copies of the Settlement Agreement to execute and notarize"; that, "[t]hereafter, the parties submitted their Stipulation for Agreed Order of Dismissal on August 31, 2015 [Docket No. 12] and Response to the Show Cause Order [Docket No. 11]"; that, "[b]y submission of the Stipulation for Agreed Order of Dismissal, the Court executed the Order of Dismissal on September 2, 2015"; and that "Plaintiff's counsel finally heard from the Plaintiff on September 2, 2015 where

-4-

Plaintiff's counsel was informed that the Plaintiff changed his mind regarding the terms of the settlement." *Id.* at 3-4.

Plaintiff "requests that the Court amend or alter the Agreed Order of Dismissal by vacating same under" Rule 59(e) and further explains that he, alternatively, "desires to move forward on his discrimination and retaliation claims under his charge of June 26, 2015" and therefore alternatively submits that the Agreed Order of Dismissal with Prejudice should be amended to reflect a dismissal "without prejudice" and "prays that the Court alter or amend the Agreed Order of Dismissal to reflect a dismissal without prejudice." *Id.* at 5.

## Legal Standards

Federal Rule of Civil Procedure 59(e) allows a court "to rectify its own mistakes in the period immediately following entry of judgment." *White v. New Hampshire Dept. of Employment Sec.*, 455 U.S. 445, 450 (1982). It allows reconsideration of a final judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), that discretion is not unlimited. The United States Court of Appeals for the Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation

to an end; and 2) the need to render just decisions on the basis of all the facts. The task

for the district court is to strike the proper balance between these competing interests."

*Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, "[i]t is

within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro.

59(e)," *Weber v. Roadway Exp., Inc..*, 199 F.3d 270, 276 (5th Cir. 2000), but

"[r]econsideration of a judgment after its entry is an extraordinary remedy that should

be used sparingly," *Templet*, 367 F.3d at 479, and Rule 59(e) cannot be used to raise

arguments or legal theories that could, and should, have been made before the

judgment issued or to rehash evidence, *see id.*; *Rosenzweig*, 332 F.3d at 863.

Federal Rule of Civil Procedure 60(b) provides that:

> On motion and just terms, the court may relieve a party ... from a final
> judgment, order, or proceeding for the following reasons: (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered
> evidence that, with reasonable diligence, could not have been discovered
> in time to move for a new trial under Rule 59(b); (3) fraud (whether
> previously called intrinsic or extrinsic), misrepresentation, or misconduct
> by an opposing party; (4) the judgment is void; (5) the judgment has been
> satisfied, released or discharged; it is based on an earlier judgment that
> has been reversed or vacated; or applying it prospectively is no longer
> equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6). Rule 60(b) motions are typically committed to the sound

discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir.

1998). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is

considered an extraordinary remedy and that the desire for a judicial process that is

predictable mandates caution in reopening judgments." *Id.* (internal quotations and

alterations omitted).

## Analysis

The following facts behind Plaintiff's motion are undisputed:

- On July 29, 2015, Plaintiff authorized his counsel to accept an offer of settlement from Defendant's counsel, and Defendant's counsel then set about drafting the settlement documents for the parties' review and execution.

- On August 27, 2015, the Court entered a show cause order requiring the parties to submit a status report on the proceeding.

- Also on August 27, 2015, Plaintiff's counsel reportedly received hard copies of the Settlement Agreement to execute and notarize.

- On August 31, 2015, Plaintiff's counsel and Defendants' counsel filed the parties' signed Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), in which Plaintiff, through his counsel, stipulates that he is dismissing, and does hereby dismiss, with prejudice all claims he has asserted herein, or could have asserted herein, against Defendants and further requests that the Court sign the accompanying Agreed Order of Dismissal with Prejudice.

- The Court then, on August 31, 2015, terminated this case pursuant to the Stipulation of Dismissal.

- On September 2, 2015, Plaintiff's counsel and Defendants' counsel filed the parties' response to the Court's order to show cause for their failure to comply with the Court's scheduling order and, in it, explained that, prior to August 3, 2015, the parties agreed to settle this case; that, on August 31, 2015, Plaintiff's attorney filed his client's Stipulation of Dismissal of all the claims that Plaintiff has asserted or could assert in this case against Defendants; that, that same day, this case was terminated based on the Stipulation of Dismissal; and that Plaintiff's counsel and Defendants' counsel ask that no further action be taken by the Court as a result of it show cause order because the parties have settled and compromised this disputed matter and the Stipulation of Dismissal has been filed with the Court disposing of this case.

- Later that same day (September 2, 2015), per Plaintiff's request in the Stipulation of Dismissal, the Court signed and entered the parties' Agreed Order of Dismissal with Prejudice. Some time that same day (September 2, 2015), Plaintiff's counsel finally heard from Plaintiff, who informed Plaintiff's counsel that he changed his mind regarding the terms of the settlement.

- On September 29, 2015 – 29 days after the parties' filed the Stipulation of

Dismissal and 27 days after the Court entered the parties' Agreed Order of
Dismissal with Prejudice – Plaintiff filed his Motion to Vacate Agreed Order of
Dismissal with Prejudice or Alternatively Dismiss Without Prejudice.

Dkt. No. 11; Dkt. No. 12; Dkt. No. 13; Dkt. No. 14; Dkt. No. 15 at 3-5; Dkt. No. 17 at

2-6; Dkt. No. 18-1 at 2-4 of 4; Against this factual background, Plaintiff requests

vacatur or amendment of the Agreed Order of Dismissal with Prejudice because he

"believes that he has received additional information regarding his claims and has, at

this point, changed his mind regarding the settlement" and that he "has not, at this

point, executed final settlement documents and is free to change his position

notwithstanding the Agreed Order of Dismissal." Dkt. No. 17 at 4-5.

The undersigned cannot accept any of those premises for Plaintiff's requested

relief and concludes that Plaintiff is not entitled to his requested relief under Rules

59(e) or 60(b).

As a preliminary matter, Plaintiffs' claims against Defendants were dismissed

with prejudice based on the filing of the parties' Rule 41(a)(1)(A)(ii) Stipulation of

Dismissal. Where the parties filed a joint Stipulation of Dismissal, the dismissal of

Plaintiffs' claims with prejudice pursuant to that dismissal was effective immediately

upon filing without the need for any court order. *See* FED. R. CIV. P. 41(a)(1)(A)(ii)

("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the

plaintiff may dismiss an action without a court order by filing: ... (ii) a stipulation of

dismissal signed by all parties who have appeared."); *SmallBizPros, Inc. v. MacDonald*,

618 F.3d 458, 461, 463 (5th Cir. 2010).

As the Fifth Circuit has previously held under substantially identical facts,

although, in the Stipulation of Dismiss, Plaintiff "[f]urther ... requests that the Court sign the Agreed Order of Dismissal with Prejudice which is being forwarded to it contemporaneously with this Stipulation," Dkt. No. 12 at 1, "the effectiveness of the Stipulation was not expressly contingent upon the district court's signature and entry of the Order because the precise language used did not provide for such conditional effectiveness," *SmallBizPros*, 618 F.3d at 463. Rather, the Stipulation of Dismissal states that "Plaintiff herein, does hereby stipulate that he is dismissing, and does hereby dismiss, with prejudice all claims he has asserted herein, or could have asserted herein, against Defendants RICK SORRELLS, in his individual and official capacities and DALLAS COUNTY SCHOOLS, and that all costs of court, expenses of any nature and attorney's fees shall be paid by the party incurring same." Dkt. No. 12 at 1. The Stipulation "failed to indicate that further action was *necessary* by either of the parties or the district court in order to make the Stipulation effective. If the parties intended to make the Stipulation's effectiveness contingent upon the district court's entry of a subsequent dismissal order, they should have used language that expressly manifested such intent." *SmallBizPros*, 618 F.3d at 463 (emphasis in original).

Although the Agreed Order of Dismissal, by its terms, dismisses claims that Plaintiff asserted or could have asserted not only against Defendants Rick Sorrells and Dallas County Schools but against members of the Dallas County Schools Board of Trustees and employees, agents, representatives, insurers, and attorneys of Dallas County Schools, *see* Dkt. No. 12-1; Dkt. No. 14, the parties' Stipulation of Dismissal was the operative document resulting in dismissal with prejudice of Plaintiffs' claims

against the named Defendants in this case, *see SmallBizPros*, 618 F.3d at 463 ("Because filing a voluntary stipulation of dismissal under Rule 41(a)(1)(A)(ii) is effective immediately, any action by the district court after the filing of such a stipulation can have no force or effect because the matter has already been dismissed by the parties themselves without any court action. Any dismissal order entered by a district court after the filing of a voluntary dismissal is superfluous. ... Because there is no contingent or conditional language, the Stipulation's effectiveness was immediate and the district court's signature on and entry of the Order on August 14, 2009 was superfluous." (internal quotation marks omitted)); *Meinecke v. H & R Block of Houston*, 66 F.3d 77, 82 (5th Cir. 1995) ("According to [Rule 41(a)(i)(A)(ii)], such stipulations take effect when filed and do not require an order of the court. Therefore, the district court's order approving the dismissal is of no consequence.")).

Any Rule 59(e) motion must be filed within 28 days of entry of a judgment. *See* FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Accordingly, as Defendants correctly assert, construing Plaintiff's Rule 59(e) motion as if it were correctly focused the Stipulation of Dismissal filed on August 31, 2015 would make the motion untimely by one day as filed on September 29, 2015. *See* Dkt. No. 12; Dkt. No. 15.

Further, Plaintiff does not dispute that he authorized his attorney to agree to the settlement that the parties reached and on the basis of which this case was dismissed. This is not a case in which there are disputed issues of the validity and scope of a settlement agreement, such as an attorney's settlement authority. *See*

*Ochoa-Bunsow v. C.I.R.*, ___ F. App'x ___, 2015 WL 7348973, at *1 (5th Cir. Nov. 19, 2015).

Rather, Plaintiff asserts that because he has not personally executed the final settlement documents, he is free to change his position notwithstanding the Agreed Order of Dismissal with Prejudice. *Accord id.* ("Indeed, that Ochoa-Bunsow seeks to disturb only one of 39 stipulations proves that her problem with her original attorney's actions is not that he exceeded the bounds of his authority, but that he committed her to a position she does not wish to maintain."). Plaintiff cites no legal authority for this position, and – regardless of whether dismissal with prejudice of Plaintiffs' claims in this case was accomplished upon filing of the Stipulation of Dismissal or entry of Agreed Order of Dismissal with Prejudice or even some combination of both (for instance, by the stipulation as to the named Defendants and by the order as to related parties) – the law dictates to the contrary. Plaintiff is not free to change his position on whether to voluntarily dismiss his claims with prejudice simply because he has changed his mind, where he authorized his attorney to accept a settlement offer; his counsel did so and, based on that settlement, signed a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal and requested entry of an Agreed Order of Dismissal with Prejudice; and Plaintiff only told his counsel after the dismissal of Plaintiff's claims and termination of the case based on that Rule 41(a)(1)(A)(ii) stipulation that he had changed his mind.

As the Fifth Circuit has explained in a case presenting similar facts, an agreement to settle a Title VII claim is enforceable under these circumstances:

The validity and enforcement of a Title VII settlement agreement are

matters of federal law. Under our precedents, "an attorney of record is presumed to have authority to compromise and settle litigation of his client, and a judgment entered upon an agreement by the attorney of record will be set aside only upon affirmative proof of the party seeking to vacate the judgment that the attorney had no right to consent to its entry." Here, the record contains no evidence that Quesada objected to his attorney's settlement offer at any point during the mediation or before the Secretary accepted the offer. Even assuming that we can consider the new emails Quesada introduced on appeal, Quesada sent those emails to his attorney several days *after* the Secretary had accepted the March 12 settlement offer. Consequently, the emails have no bearing on the validity of the settlement.

*Quesada v. Napolitano*, 701 F.3d 1080, 1083-84 (5th Cir. 2012) (footnotes omitted; emphasis in original). The result is the same even if Texas law governs the settlement of any state-law claims, as the Fifth Circuit recently explained in a case presenting similar facts:

In diversity cases such as this, Texas Rule of Civil Procedure 11 governs the enforcement of settlements. *Lefevre v. Keaty*, 191 F.3d 596, 598 (5th Cir. 1999). Rule 11 provides that "no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed and filed with the papers as part of the record, or unless it be made in open court and entered of record." Tex. R. Civ. P. 11. The writing must include all the essential elements of the agreement, but "need not be contained in one document." *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex.1995).

Turner argues that there is no valid signed agreement because he and his wife ultimately refused to sign a settlement agreement. However, under Texas law, "an attorney may execute an enforceable Rule 11 agreement on his client's behalf." *Green v. Midland Mortg. Co.*, 342 S.W.3d 686, 691 (Tex. App. – Houston [14th Dist.] 2011, no pet.) (rejecting argument that settlement agreement was unenforceable because appellants themselves had not signed it). The Turners' attorney electronically signed the Notice of Settlement filed in the district court, as well as multiple e-mails agreeing to the material terms of the agreement. These written, signed documents, which were filed in the district court, constitute an agreement to settle that satisfies the requirements of Rule 11. *See Padilla*, 907 S.W.2d at 460-61 (holding that a series of letters that reflected agreement to the material terms of

-12-

settlement satisfied Rule 11).

*Turner v. JPMorgan Chase Bank, N.A.*, ___ F. App'x ___, 2015 WL 7164098, at *1 (5th Cir. Nov. 13, 2015) (footnote omitted).

Here, Plaintiff undisputedly authorized his attorney to accept a settlement offer, and Plaintiff's counsel did so. *See* Dkt. No. 15 at 4; Dkt. No. 17 at 2-3. Plaintiff's counsel, based on that settlement, signed a Rule 41(a)(1)(A)(ii) Stipulation of Dismissal, which attached and asked the Court to enter an Agreed Order of Dismissal with Prejudice that reported that the parties "have settled and compromised all matters in controversy between them and that the Plaintiff wishes to dismiss his claims against the Defendants with prejudice." Dkt. No. 12-1 at 1. And Plaintiff's counsel also signed a response filed with the Court that reported that, "[p]rior to August 3, 2015, the parties agreed to settle the above-styled cause" and that the parties' counsel "ask that no further action be taken by the Court as a result of [its show cause order in light of the fact that they have settled and compromised this disputed matter and the Stipulation of Dismissal has been filed with the Court disposing of this case." Dkt. No. 13 at 1-2. Under these circumstances, Plaintiff is not free to back out of the parties' settlement simply he has not personally executed the final settlement documents.

Moreover, that Plaintiff has changed his mind about, or even believes that he made a mistake in authorizing his attorney to accept, the parties' settlement is not a ground for setting aside or altering the dismissal of Plaintiff's claims with prejudice pursuant to the Rule 41(a)(1)(A)(ii) stipulation of dismissal or corresponding order of

dismissal based on the parties' settlement. *See Ochoa-Bunsow*, 2015 WL 7348973, at *2. Plaintiff provides no information on the additional information regarding his claims that he claims to have (and yet has apparently not presented to his attorney) to enable the Court to evaluate whether it could support a Rule 59(e) motion based on newly discovered evidence. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015) ("A motion to reconsider based on an alleged discovery of new evidence should be granted only if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." (internal quotation marks omitted)). Further, Plaintiff does not contend that Defendants concealed any information from Plaintiff or his counsel before Plaintiff authorized his counsel to accept an offer of settlement from Defendants' counsel. *See Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 391-92 (5th Cir. 1984) ("Because we agree that a unilateral mistake of fact is not a basis for avoidance of a settlement agreement, we do not reach Mid-South's other arguments. .... In this case, OKC's alleged ignorance of the additional surveys is, at most, a unilateral mistake. There is no claim that either Mid-South or American Employers' concealed these other surveys or misrepresented their contents, nor that there was any overreaching. Moreover, the mistake that OKC complains of is the same type of mistake held to be immaterial in both *Strange* and *Harmon*. Thus, the District Court correctly rejected mistake by OKC as a defense to the enforcement of the settlement."); *accord Kline v. Fla. Airlines, Inc.*, 496 F.2d 919, 920 (5th Cir. 1974) (holding that a

-14-

unilateral mistake was not sufficient to allow the mistaken party to limit or avoid the effect of an otherwise valid settlement agreement).

Nothing that Plaintiff has presented in support of his motion qualifies as an appropriate basis – to correct a clear error of law or prevent manifest injustice, present newly discovered evidence, or address an intervening change in controlling law – for his requested Rule 59(e) relief. In short, Plaintiff has not established an entitlement to Rule 59(e)'s extraordinary remedy of vacating, altering, or amending the dismissal with prejudice of Plaintiff's claims under Rule 41(a)(1)(A)(ii) pursuant to a settlement that he authorized his counsel to accept and agree to and that contemplated dismissal of his claims with prejudice. *See* Dkt. No. 15 at 4; Dkt. No. 17 at 2-3; Dkt. 18-1 at 2-3 of 4; No. 18-5 at 12 of 16.

The result is the same even if Plaintiff's motion were construed as invoking Rule 60(b). *See generally Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed.").

For the same reasons that he is not entitled to Rule 59(e) relief, whether based on any alleged unilateral mistake or unspecified additional information about his claims, Plaintiff has not shown he is entitled to Rule 60(b)'s extraordinary remedy of vacatur or amendment simply because he changed his mind as to the wisdom of the settlement that he authorized his counsel to accept. *See In re Pettle*, 410 F.3d 189, 191-

93 (5th Cir. 2005) ("The broad power granted by [Rule 60(b)](6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. .... Similarly, Bickham made a specific choice to voluntarily request dismissal of his case with prejudice without fully understanding the consequences of his decision on his state court action. Where a party makes a considered choice ... he 'cannot be relieved of such a choice [under Rule 60(b)] because hindsight seems to indicate to him' that, as it turns out his decision was 'probably wrong.' This principle is no less applicable in situations where the merits have not been adjudicated. Indeed, in all of the cited cases where the plaintiff sought relief after voluntarily requesting dismissal, no determination on the actual merits had been made." (citation and internal quotation marks omitted)); *cf. Gonzalez v. Aztex Advantage*, 547 F. App'x 424, 426-27 (5th Cir. 2013) ("Gonzalez also argues that the district court erred in denying his motion to withdraw his non-objection and his Rule 59(e) and 60(b)(6) motions, which sought to alter or remove his prior non-objection to the motion to dismiss and reinstate his equitable claim. .... Importantly, Rules 59(e) and 60(b)(6) do not provide Gonzalez relief from judgment simply because hindsight seems to indicate to him that, as it turns out his decision was probably wrong." (citations, footnote, and internal quotation marks omitted)).

## Recommendation

The Court should deny Plaintiff's Motion to Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without Prejudice [Dkt. No. 15].

A copy of these Findings, Conclusions, and Recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 24, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE