IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NAKIA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-351-M |
| | § | |
| RICK SORRELLS and DALLAS | § | |
| COUNTY SCHOOLS, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Defendants Rick Sorrells and Dallas County Schools have filed a Motion for Sanctions Against Plaintiff's Attorney Pursuant to 28 U.S.C. § 1927, *see* Dkt. No. 21, which United States District Judge Barbara M.G. Lynn has referred to the undersigned United States magistrate judge for recommendation or determination, *see* Dkt. No. 24. Plaintiff Nakia Williams has filed a response, *see* Dkt. No. 25, and Defendants have filed a reply, *see* Dkt. No. 26.

For the reasons explained below, the Court DENIES Defendants' Motion for Sanctions Against Plaintiff's Attorney Pursuant to 28 U.S.C. § 1927 [Dkt. No. 21].[1]

---

[1] *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge); *Allen v. Travis*, No. 3:06-cv-1361-M, 2007 WL 1989592, at *2 n.3 (N.D. Tex. July 10, 2007) (explaining that none of the motions for sanctions involve issues that are dispositive of the claims and that the magistrate judge could therefore rule on the motions as non-dispositive).

**Background**

On July 24, 2015, Plaintiff filed his First Amended Complaint against Defendants Dallas County Schools and its Superintendent, Rick Sorrells, asserting claims for sex discrimination, harassment, and hostile environment under Texas Labor Code § 21.125 and Title VII of the Civil Rights Act of 1964 and for retaliation under the Texas Labor Code. *See* Dkt. No. 9.

On August 31, 2015, Plaintiff and Defendants filed a Stipulation of Dismissal and requested that the Court sign the parties' proposed Agreed Order of Dismissal With Prejudice. *See* Dkt. No. 12. In the Stipulation of Dismissal, Plaintiff, through his counsel, stipulated that he was dismissing with prejudice all claims he had asserted or could have asserted against Defendants. *See id.* The Court entered the parties' Agreed Order of Dismissal with Prejudice on September 2, 2015. *See* Dkt. No. 14.

On September 29, 2015, Plaintiff filed his Motion to Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without Prejudice. *See* Dkt. No. 15. Plaintiff sought vacatur or amendment of the Agreed Order of Dismissal With Prejudice on the bases that he "believes that he has received additional information regarding his claims and has, at this point, changed his mind regarding the settlement" and that he "has not, at this point, executed final settlement documents and is free to change his position notwithstanding the Agreed Order of Dismissal." *See id.* at 4-5.

On November 24, 2015, the undersigned entered Findings, Conclusions and Recommendation. *See* Dkt. No. 20. The undersigned found that it was undisputed that

2

Plaintiff authorized his counsel to accept a settlement offer and that Plaintiff's counsel did so. Based on that settlement, Plaintiff's counsel signed a Stipulation of Dismissal and asked the Court to enter an Agreed Order of Dismissal With Prejudice. It was further undisputed that Plaintiff's counsel did not hear back from Plaintiff until September 2, 2015, the same day that the Court entered the Agreed Order of Dismissal, when he informed counsel that he had changed his mind regarding the terms of the settlement. *See id.* at 7-8. The undersigned concluded that the motion to vacate was untimely and that, even if it had been timely, Plaintiff could not back out of the parties' settlement simply because he had changed his mind and had not personally executed the final settlement documents.

The undersigned noted that Plaintiff cited no legal authority for the argument that he was free to change his mind notwithstanding the Agreed Order of Dismissal because he had not personally executed the final settlement documents, and concluded that the law was contrary to Plaintiff's position. *See id.* at 11-13. Moreover, Plaintiff provided no information concerning the additional information regarding his claims that he allegedly learned after authorizing his counsel to accept the settlement offer. *See id.* at 143-15.

The undersigned recommended that the Court deny Plaintiff's Motion to Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without Prejudice. *See* Dkt. No. 19. On December 18, 2015, Judge Lynn accepted the Findings, Conclusions, and Recommendation and denied the motion to vacate, *see* Dkt. No. 20.

On January 27, 2016, Defendants filed their Motion for Sanctions Against

Plaintiff's Attorney Pursuant to 28 U.S.C. § 1927, asserting that Plaintiff's attorney unreasonably and vexatiously multiplied these proceedings by filing Plaintiff's Motion to Vacate Agreed Order of Dismissal with Prejudice or Alternatively Dismiss Without Prejudice because the motion was filed untimely and without providing any factual or legal support for the requested relief. *See* Dkt. No. 21. Defendants seek reimbursement for attorneys' fees and costs incurred as a result of the filing of the motion to vacate. *See* Dkt. Nos. 21 & 23.

## Legal Standards

A court may impose sanctions in the form of attorney's fees and costs against "[a]ny attorney ... who ... multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. To impose sanctions against an attorney under Section 1927, the court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *See Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002). Proving that a counsel's behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992).

Sanctions under Section 1927 are "'punitive in nature and require clear and convincing evidence that sanctions are justified.'" *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 872 (5th Cir. 2014) (quoting *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th Cir. 2010)). Because of its punitive nature, Section 1927 is construed strictly, *see Proctor & Gamble Co.*, 280 F.3d at 525, and in favor of the

4

sanctioned party, *see FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994). Section 1927 sanctions "'should be employed only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened.'" *Lawyers Title Ins. Corp.*, 739 F.3d at 872 (quoting *Conner*, 20 F.3d at 1384).

Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Proctor & Gamble Co.*, 280 F.3d at 525. The courts often use repeated filings, despite warnings from the court, or other proof of excessive litigiousness to justify sanctions. *See Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988)."'An unsuccessful claim is not necessarily actionable.'" *Lawyer's Title Ins. Corp.*, 739 F.3d at 872 (quoting *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991)).

In awarding fees under Section 1927, the court is required to "(1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits, (2) link the sanctionable conduct to the size of the sanctions, and (3) differentiate between sanctions awarded under different statutes." *Proctor & Gamble Co.*, 280 F.3d at 526. Punishment under Section 1927 is "'sparingly applied.'" *Lawyer's Title Ins. Corp.*, 739 F.3d at 872 (quoting *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996)).

## Analysis

Plaintiff's counsel filed one motion at the insistence of a client who had become dissatisfied with a settlement after the offer had been accepted and the case had been

5

dismissed based on the settlement but before he signed the formal settlement documents. And, as Defendants argue, that motion was untimely and was not supported by either the law or any evidence.

But the filing of this single motion presents neither the persistent prosecution of a meritless claim or the bad faith, improper motive, or reckless disregard necessary for a finding that Plaintiff's counsel has vexatiously and unreasonably multiplied the proceedings in this case.

Even though the Court rejected the arguments that Plaintiff's counsel advanced in the motion to vacate as unpersuasive, those arguments are not so untenable as to be "vexatious" or "unreasonable." *See Pease v. Pakhoed Corp.*, 980 F.2d 995, 1001 (5th Cir. 1993). Section 1927 focuses on the conduct of the litigation, not on the merits, and requires more than knowledge of an argument's weaknesses. *See Bryant*, 597 F.3d 678, 694; *Temple v. Am. Airlines, Inc.*, 48 F. App'x 480, No. 01-11569, 2002 WL 31049426, at *4 (5th Cir. 2002). And a sanctioning court must do more than disagree with a party's legal analysis. *See Ratliff v. Stewart*, 508 F.3d 225, 234 (5th Cir. 2007) (quoting *Calhoun,* 34 F.3d at 1300). A mere disagreement with an attorney's legal theory, standing alone, is not sufficient to satisfy the vexatiousness requirement. *See id.*

Plaintiff's motion to vacate was untimely, but it was filed only one day after the Federal Rule of Civil Procedure 59(e) deadline, and Plaintiff explained that he calculated the due date based on the Court's Agreed Order of Dismissal instead of the Stipulation of Dismissal. While Plaintiff was mistaken, the mistake was not unreasonable. *See Smith Int'l, Inc. v. Tex. Commerce Bank*, 844 F.2d 1193, 1199 (5th

6

Cir. 1988) ("Merely because plaintiffs and their counsel were mistaken as to the law does not mean that the mistake was unreasonable."). And Plaintiff's arguments that he was not bound by the settlement because he had not signed the final settlement documents was not so untenable as to be "vexatious" or "unreasonable" for purposes of Section 1927 sanctions, even if it, too, was mistaken. *See Proctor & Gamble Co.*, 280 F.3d at 531.

For all of these reasons, the Court does not find sufficient evidence to impose 28 U.S.C. § 1927 sanctions against Plaintiff's counsel.

## Conclusion

The Court DENIES Defendants' Motion for Sanctions Against Plaintiff's Attorney Pursuant to 28 U.S.C. § 1927 [Dkt. No. 21].

SO ORDERED.

DATE: April 8, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE